Filed 8/18/15  P. v. Sayavong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ONESAENG SAYAVONG,<br><br>Defendant and Appellant. | C076442<br><br>(Super. Ct. Nos. 11F5612,<br>13F7880, 14F1610) |

In case No. 13F7880, a jury convicted defendant Onesaeng Sayavong of assault with force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4); unless otherwise set forth, statutory references that follow are to the Penal Code; count 1) and corporal injury to a cohabitant (§ 273.5, subd. (a); count 2).  The jury sustained three strike priors (§ 1170.12) and the same on-bail enhancement in connection with each count (§ 12022.1).  After the jury rendered its verdicts and findings, the parties resolved several other cases which were trailing, including case Nos. 11F5612 and 14F1610.

1

Defendant entered a plea to offenses in the trailing cases in exchange for a 10-year stipulated sentence in case No. 13F7880 and concurrent terms in the trailing cases. The court sentenced defendant accordingly.

Defendant appeals.

We note that defendant's notice of appeal listed only case No. 13F7880, and none of the trailing cases. This court granted defense appellate counsel's motion to construe the notice of appeal to include two of the trailing cases, case Nos. 11F5612 and 14F1610.

Defendant contends and the People concede that the trial court erroneously imposed a second on-bail enhancement in case No. 13F7880, which must be stricken. We conclude that even though the clerk's minutes and the amended abstract of judgment reflect two on-bail enhancements, one of which was stayed, the trial court orally imposed only one on-bail enhancement. We will order the minutes and abstract corrected to reflect the oral pronouncement of judgment.

Section 12022.1 "penalize[s] *recidivist* conduct with increased punishment." (*People v. McClanahan* (1992) 3 Cal.4th 860, 868.) A section 12022.1 enhancement is related to the nature of the offender, not the nature of the offense. (*People v. Watkins* (1992) 2 Cal.App.4th 589, 593; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 196.) Thus, imposition of an on-bail enhancement "does not depend on the number of offenses charged in the information" and "[l]ike a prior conviction, it may be added only once to the defendant's sentence." (*Nguyen* at p. 196.)

In case No. 13F7880, the information alleged the on-bail enhancement as follows: "[D]efendant(s)[, [¶] ] Onesaeng Sayavong, [¶] [a]s to Count(s) 1, 2, was released from County Court, Case # 11F5612, at the time of the commission of the above offense within the meaning of Penal Code section 12022.1." There was only one on-bail enhancement which was supported by the evidence and applicable to the case. The trial court took judicial notice that defendant was released on bond on February 27, 2013, in felony case No. 11F5612. The offenses in case No. 13F7880 occurred on June 6, 2013,

2

while he was on bail.  The jury found the on-bail enhancement to be true as to both counts 1 and 2.

At sentencing, the court sentenced defendant to state prison for an aggregate term of 10 years.  In case No. 13F7880, the court imposed the upper term of four years, doubled for one strike prior for count 2.  The court stayed the sentence on count 1 pursuant to section 654.  The court imposed two years for the on-bail enhancement.  For the offenses in the trailing cases, including case Nos. 11F5612 and 14F1610, the court imposed concurrent terms.  The court did not impose a second on-bail enhancement in case No. 13F7880 and then stay it as the clerk's minutes and the amended abstract erroneously reflect.  We will order the minutes and amended abstract corrected accordingly.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The trial court is directed to prepare corrected minutes and a corrected abstract of judgment reflecting a single on-bail enhancement and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

      HULL      , Acting P. J.

We concur:

      MAURO      , J.

      RENNER      , J.

3