[No. B015808. Second Dist., Div. Seven. Sept. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EDWARD LEWIS, Defendant and Appellant.

## Counsel

Richard D. Rome, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Andrew D. Amerson, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**JOHNSON, J.**—John Edward Lewis appeals from his convictions on two counts of grand theft. He claims the evidence was insufficient to support the convictions. He also challenges the enhancement of his sentence under Penal Code section 12022.1.

We affirm the convictions and the enhancement.

### Facts and Proceedings Below

Masquerading as an Air Force chaplain, Lewis offered to sell surplus government automobiles to Alice and Gary Armstrong at cutrate prices. Lewis told the Armstrongs the United States Government had a special program of donating its surplus cars to people such as the Armstrongs who were active in church and community affairs.

These automobiles were not what one thinks of as "war surplus" goods. They were represented to be new luxury cars including Lincolns, Cadillacs,

Chryslers and a DeLorean. And, if the cars were not "war surplus" their prices certainly were: $1,500 for an El Dorado; $1,400 for a New Yorker; $1,500 for an Imperial.

The Armstrongs believed Lewis's representations. They gave Lewis over $37,000 as payment for numerous cars offered by him. The cars were never delivered. Ms. Armstrong became suspicious. She discovered Lewis was not an Air Force chaplain and the government had no pool of surplus cars as represented by Lewis. Ms. Armstrong reported the transaction with Lewis to the police and Lewis was arrested.

While free on bail pending trial in the Armstrong matter, Lewis approached Fred Helmer with a story similar to the one he had told the Armstrongs. Mr. Helmer agreed to buy two cars through Lewis and gave Lewis a check for $1,300. A few days later, Lewis contacted Mr. Helmer and offered to sell him a DeLorean for $5,700. Mr. Helmer became suspicious and called the police. Lewis was arrested again.

Lewis was tried and convicted on two counts of grand theft. He had previously admitted he was free on bail pending trial on the Armstrong matter at the time of the alleged theft from Helmer. Therefore, Lewis's sentence was enhanced by an additional term of two years under Penal Code section 12022.1.

I. THERE WAS SUFFICIENT EVIDENCE OF INTENT TO STEAL.

Lewis argues there was insufficient evidence of intent to steal. He bases this argument on the facts his contracts promised to refund the victims' money if the cars were not delivered; the Armstrongs received their money back and he never cashed Mr. Helmer's check.

█ When the evidence is challenged as insufficient we review the whole record in the light most favorable to the judgment. We will not reverse on the basis of a few isolated facts which may appear favorable to Lewis. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 575-578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) █ The evidence in this case demonstrates Lewis's offer to sell cars to the victims was a total sham from its inception. Except for giving his true name there was virtually not a word of truth in anything Lewis told the victims. The jury could reasonably conclude Lewis had no intention of refunding the victims' money just as he had no intention of delivering the cars. Furthermore, Lewis did not refund the Armstrongs' money. The Armstrongs sued Lewis to obtain their money. The case was settled but there is no evidence the Armstrongs have received any portion of the money. Lewis did not negotiate the Helmer check because

he insisted on a cash payment. Helmer stopped payment on the check after talking to the police.

## II. The People Pleaded and Proved Lewis Was Convicted of a Felony for an Earlier Offense.

Lewis's sentence on the second count, the Helmer theft, was enhanced on authority of Penal Code section 12022.1. That section, at the time,[1] provided: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows:

"(a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition, the sentence for the later offense shall be enhanced by an additional term of two years. . . ."

At trial, Lewis admitted he was free on bail pending trial on the Armstrong theft when he was charged with the Helmer theft.

■ The purpose of section 12022.1 is to meet public concern over offenders who are arrested then allowed back on the street a short time later only to commit more crimes. (See ABA Project on Standards for Criminal Justice, Pretrial Release (Tent. draft 1968) § 5.5, p. 69; *Barker* v. *Wingo* (1972) 407 U.S. 514, 519 & fn. 8 [33 L.Ed.2d 101, 110-111, 92 S.Ct. 2182].) Section 12022.1 deters this conduct by enhancing the punishment of persons who commit new felonies while awaiting trial on an earlier felony. (*People* v. *Superior Court (Price)* (1984) 150 Cal.App.3d 486, 489 [198 Cal.Rptr. 61].)

■ Clearly, enhancement of Lewis's sentence is consistent with the legislative intent underlying section 12022.1. The jury found Lewis committed grand theft from Armstrong and while on bail pending trial on that charge committed grand theft from Helmer. Lewis argues, nevertheless, the enhancement is invalid because the People did not plead and prove conviction of the earlier felony offense, the Armstrong theft. (Pen. Code, § 1170.1.) The People could not plead and prove conviction of the Arm-

---

[1]Section 12022.1 was subsequently amended in such a way it clearly avoids the problem potentially raised in this case. (See Stats. 1985, ch. 533.)

strong theft because the conviction had not occurred when the information was filed and the case tried.

There is some surface logic in Lewis's position. However, on close examination of the circumstances of this case we find the pleading and proof requirements were satisfied. The issue here is whether Lewis was afforded due process of law. ▉ The *pleading* requirement implements the Sixth Amendment's command, "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." The *proof* requirement implements the due process command no person shall be deprived of liberty except upon proof beyond a reasonable doubt. (*In re Winship* (1970) 397 U.S. 358, 363-364 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068]; and see Pen. Code, § 1096.)

In the case before us, the information alleged Lewis committed the Helmer theft while free on bail pending trial on the Armstrong theft. This pleading put Lewis on notice the People sought an enhancement of the sentence for the Helmer theft and the basis for the enhancement. The information did not plead a felony conviction on the Armstrong theft. It pled the Armstrong theft itself and charged it as a felony. For purposes of the pleading requirement we see no meaningful distinction between alleging a felony conviction for the earlier offense was obtained in a separate trial and alleging the earlier and later offenses in one information to be proven at the same trial. As to the proof requirement, the same jury found Lewis guilty of the earlier and later thefts, both felonies. Again, we see no meaningful distinction between one jury finding some other jury had convicted Lewis of the earlier felony and the same jury finding Lewis committed both the earlier and later felonies.

This case is easily distinguishable from *Panos* v. *Superior Court* (1984) 156 Cal.App.3d 626 [203 Cal.Rptr. 115]. In *Panos* the defendant was charged with robbery in Sacramento. The information alleged as an enhancement that Panos committed the Sacramento robbery while on bail pending trial for an earlier robbery in Los Angeles. There was no proof defendant had ever been convicted of the Los Angeles robbery. (*Id.,* at p. 628.) In contrast, in our case Lewis was convicted of the earlier and later offenses by the same jury in the same trial. The evidence is conclusive of his conviction on the earlier offense.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1986.