[No. S021913. Oct 29, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WAYNE RUSSELL McCLANAHAN, Defendant and Appellant.

COUNSEL

Barbara Michel, under appointment by the Supreme Court, and Richard L. Phillips for Defendant and Appellant.

Bradley A. Bristow as Amicus Curiae on behalf of Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Arnold O. Overoye and Robert R. Anderson, Assistant Attorneys General, Shirley A. Nelson, Stan Cross, Rosendo Pena, Jr., Edgar A. Kerry and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LUCAS, C. J.—We granted review in this case to determine whether article I, section 28, subdivision (f) of the California Constitution (hereafter article I, section 28(f)), a provision of the 1982 initiative measure commonly referred to as "Proposition 8," bars application of the "double-the-base-term"

limitation of Penal Code[1] section 1170.1, subdivision (g) (hereafter section 1170.1(g)) to "on-bail" enhancements imposed pursuant to section 12022.1.

In *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012], we concluded that "prior prison term" enhancements imposed pursuant to section 667.5, subdivision (b), are "prior felony conviction" enhancements within the meaning of article I, section 28(f), and by operation of that constitutional provision, are exempt from the double-the-base-term limitation of section 1170.1(g). For the reasons explained below, we conclude that, unlike prior prison term enhancements, section 12022.1 on-bail enhancements are not "prior felony conviction" enhancements within the meaning of article I, section 28(f). Accordingly, the judgment of the Court of Appeal, premised on the conclusion that the constitutional provision does not bar application of the double-the-base-term rule to on-bail enhancements, will be affirmed.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was charged in the first of three separate informations with unlawful possession of methamphetamine for sale on or about December 20, 1988, in violation of Health and Safety Code section 11378. The second information charged a similar violation, alleged to have occurred on or about March 15, 1989. That information further alleged defendant personally used a handgun in the commission of the offense (§ 12022, subd. (b)), personally possessed for sale 57 grams or more of a substance containing methamphetamine (§ 1203.073, subd. (b)(2)), and committed the charged offense while released from custody on bail, or on his own recognizance, pending trial on the earlier felony charge (§ 12022.1).[2] The third information charged defendant with yet another violation of Health and Safety Code section 11378, this

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Section 12022.1 provides, in pertinent part:

"(a) For the purposes of this section only:

"(1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance *prior to the judgment becoming final,* including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked.

"(2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense.

"(b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.

" . . . . . . . . . . . . . . . . . . . .

"(d) Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the conviction of the primary offense, the imposition of the enhancement shall be stayed pending imposition of the

one alleged to have occurred on or about April 21, 1989. That information contained a separate allegation that defendant was free on bail or on his own recognizance at the time of commission of the offense (§ 12022.1) for each of the previously filed and pending felony charges. It was also alleged that defendant was personally armed with a firearm (shotgun) in the commission of the offense. (§ 12022, subd. (b).)

All three informations were consolidated for trial to a jury. Because only sentencing issues are raised on appeal, the underlying facts of the offenses need not be set forth in detail here. Briefly, defendant's home was searched pursuant to warrant on three separate occasions, leading to the recovery of various quantities of methamphetamine; paraphernalia used to package the drugs for sale; ledgers recording drug transactions and balances owed; large quantities of currency; and numerous rifles, shotguns, handguns, and automatic weapons. Defendant was found guilty of all substantive offenses charged. The jury found all the enhancement allegations true save the two arming clauses, on which unanimous agreement could not be reached. Those allegations were later dismissed on the People's motion.

At sentencing, the court selected the middle term of two years for the Health and Safety Code section 11378 violation committed on April 21, 1989, and designated it the principal term. (§ 1170.1, subd. (a).) Two consecutive eight-month terms (one-third the middle term) were imposed for the two remaining Health and Safety Code section 11378 violations (§ 1170.1, subd. (a)), and three 2-year section 12022.1 on-bail enhancements were then added, bringing the aggregate term of imprisonment to nine and one-third years.[3] The court also imposed a $100 restitution fine for each of the three counts pursuant to Government Code section 13967.

On appeal, defendant asserted his sentence violated the double-the-base-term limitation of section 1170.1(g), which provides, with exceptions not

sentence for the primary offense. The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment. If the person is acquitted of the primary offense the stay shall be permanent.

"(e) If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence.

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed . . . ."

[3]The Court of Appeal struck one of the three section 12022.1 enhancements. (See *People* v. *Mackabee* (1989) 214 Cal.App.3d 1250 [263 Cal.Rptr. 183]; *People* v. *Nguyen* (1988) 204 Cal.App.3d 181 [251 Cal.Rptr. 40] [holding that each "primary offense" will support only one section 12022.1 enhancement, regardless of the number of "secondary offenses" committed while released from custody on the primary offense].)

applicable here, that "[t]he term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of section 1170 . . . ."[4] The Fifth Appellate District of the Court of Appeal agreed, expressly refusing to follow the contrary holding of another panel of that same court in *People* v. *Vega* (1990) 224 Cal.App.3d 506 [273 Cal.Rptr. 684]. (See also *People* v. *Burnes* (1990) 224 Cal.App.3d 1222 [274 Cal.Rptr. 466].) We granted review to settle the conflict and determine whether the rationale of *Prather* applies to section 12022.1 on-bail enhancements.

## DISCUSSION

In June 1982, California voters enacted Proposition 8, an initiative measure that, among other things, added article I, section 28(f) to the state Constitution, mandating that: "Any *prior felony conviction* of any person in any criminal proceeding, whether adult or juvenile, *shall subsequently be used without limitation for purposes of* impeachment or *enhancement of sentence* in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.)

In *People* v. *Prather*, *supra*, 50 Cal.3d 428, we addressed the question of whether "prior prison term" enhancements under section 667.5, subdivision (b), are subject to the double-the-base-term rule. We commenced our analysis by reviewing our earlier holding in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], wherein we determined that the five-year enhancement for prior serious felony convictions contained in section 667, subdivision (a), was impliedly excluded from the double-the-base-term limitation of section 1170.1(g). (37 Cal.3d at pp. 837-838.) Although noting that the "without limitation" language of article I, section 28(f) was "uncertain," we nonetheless concluded in *Jackson* that, as a matter of statutory interpretation, and in order to give full effect to the apparent intent of the drafters of section 667, subdivision (a), section 1170.1(g) must be read as if it contained an exception for prior serious felony enhancements. We reasoned that the failure to amend the double-the-base-term rule to

---

[4]The full text of section 1170.1(g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (b) or (c) of this section, or an enhancement is imposed pursuant to Section 667, 667.5, 667.8, 667.85, 12022, 12022.2, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, or 12022.9, or an enhancement is being imposed pursuant to Section 11370.2, 11370.4, or 11379.8 of the Health and Safety Code, or the defendant stands convicted of felony escape from an institution in which he or she is lawfully confined."

except such enhancements was a "draftsman's oversight," for, under any other construction, application of that general sentencing limitation to section 667 enhancements would only rarely result in imposition of full five-year prior serious-felony enhancements. (*People* v. *Jackson, supra,* 37 Cal.3d at p. 838.)

In *Prather,* however, we found this aspect of our reasoning in *Jackson, supra,* 37 Cal.3d 826, inapplicable to the determination of whether the Legislature intended to exclude *prior prison term* enhancements from the double-the-base-term rule. "The Legislature's failure to include section 667.5(b) [prior prison term] enhancements within the list of exceptions contained in section 1170.1(g) does not appear to be the result of a mere 'draftsman's oversight,' nor can we discern any clear legislative intent to exclude such enhancements from the double-base-term limitation. On the contrary, the Legislature's recent addition of several exceptions to section 1170.1(g) suggests that it may have intended no similar exclusion for section 667.5(b). (See *Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874] [legislative changes in some aspects of a statute are ' "indicative of an intent to leave the law as it stands in the aspect not amended" '].) Consequently, the question presented here cannot be resolved by statutory construction as in *Jackson.*" (*People* v. *Prather, supra,* 50 Cal.3d at pp. 433-434.)

Our conclusion in *Prather*—that the Legislature's failure to expressly exclude prior prison term enhancements from the double-the-base-term rule was not a "draftsman's oversight"—applies with equal force to section 12022.1 on-bail enhancements. Section 12022.1 was enacted by the Legislature in 1982. (Stats. 1982, ch. 1551, § 2, p. 6050.) By that same act, section 1170.1, subdivision (a), was amended to designate on-bail enhancements as part of the "aggregate term of imprisonment" within the meaning of that section. (Stats. 1982, ch. 1551, § 1.5, p. 6048.) Section 1170.1(g) was not then amended to exempt section 12022.1 enhancements from the double-the-base-term limitation. In 1987, section 1170.1(g) was amended to add several enhancements to the list of those already expressly excepted from the double-the-base-term rule. (Stats. 1987, ch. 1423, § 3.7, pp. 5272-5275.) Again, section 12022.1 enhancements were not among those added to the list. Yet another enhancement was added to the list of exceptions in 1988. (Stats. 1988, ch. 1487, § 2, pp. 5272-5274.) Once again, section 12022.1 was not included. Thus, the Legislature has had several opportunities to make the double-the-base-term limitation expressly inapplicable to on-bail enhancements. It cannot be concluded that the failure to do so was a "draftsman's oversight."

Our analysis in *Prather* turned next to the question of whether article I, section 28(f) constitutionally prohibits restricting the use of enhancements

based on prior felony convictions. Quoting our observation in *Brosnahan v. Brown* (1982) 32 Cal.3d 236, 247 [186 Cal.Rptr. 30, 651 P.2d 274], that the enactments of Proposition 8 were aimed, inter alia, "at achieving *more severe punishment for, and more effective deterrence of, criminal acts*," we explained that, "This general concern with increased punishment and effective deterrence was to be furthered in part by increasing the total period of imprisonment for recidivist offenders. The above conclusion is apparent . . . [in part] from the voters' enactment of the 'without limitation' language in article I, section 28, subdivision (f) . . . ." (*People v. Prather, supra,* 50 Cal.3d at p. 435.) We further agreed with the conclusion of one Court of Appeal decision that the enactment of article I, section 28(f), " 'was an unambiguous expression of the electorate's intent to supersede the twice the base term rule as it applied to [prior felony] enhancements.' " (*People v. Prather, supra,* 50 Cal.3d at p. 436, quoting *People v. Traina* (1985) 168 Cal.App.3d 305, 309 [214 Cal.Rptr. 213].) We observed that, "[b]oth the language and history of article I, section 28, subdivision (f), suggest it was intended not only to increase the length of sentences served by recidivist offenders *generally,* but also *specifically* to abrogate (with respect to prior-felony-conviction enhancements) statutory 'limitations on overall length of sentences.' Section 1170.1(g) provides such a 'limitation': It expressly precludes application of an otherwise valid prior felony sentence enhancement *solely because it would extend the total length of incarceration beyond certain specified limits.*" (*People v. Prather, supra,* 50 Cal.3d at p. 436, italics in original.)

We therefore concluded in *Prather* that, "article I, section 28, subdivision (f), of the California Constitution supersedes the double-base-term limitation contained in section 1170.1(g) as applied to sentence enhancements based on prior felony convictions." (*People v. Prather, supra,* 50 Cal.3d at p. 440.) The question remained whether section 667.5, subdivision (b) "prior prison term" enhancements are "prior felony conviction" enhancements within the meaning of article I, section 28(f). We had little difficulty concluding that they are:

"Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony.*' . . . We think it clear that section 667.5(b) is aimed primarily at *the underlying felony conviction,* and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing

courts to warrant actual imprisonment. [Citations.] Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of any 'prior felony conviction[s]' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed." (*People* v. *Prather*, *supra*, 50 Cal.3d at p. 440, second italics added.)

■ We must here determine whether section 12022.1 on-bail enhancements are "prior felony conviction" enhancements within the meaning of article I, section 28(f), as broadly construed under the mandate of *Prather*. As next explained, we conclude they are not.

Defendant, joined by amicus curiae California Public Defenders Association, observes that although ultimate *conviction* of the "primary offense"— i.e., that for which the person had been released from custody on bail or on his or her own recognizance when the new or "secondary offense" was committed—is a prerequisite to *imposition* of an on-bail enhancement (see § 12022.1, subd. (d)), there is no actual "*prior* felony conviction" of the primary offense in existence at the time the person on bail therefrom commits the secondary offense.

The Attorney General, in contrast, places principal reliance on the decisions in *People* v. *Vega*, *supra*, 224 Cal.App.3d 506, and *People* v. *Burnes*, *supra*, 224 Cal.App.3d 1222, both of which held that article I, section 28(f), supersedes the double-the-base-term limitation as applied to section 12022.1 on-bail enhancements.

The *Burnes* court, in an obvious attempt to comply with *Prather*'s directive to interpret article I, section 28(f) in a broad and liberal fashion so as to effectuate that provision's underlying purpose, reasoned as follows:

" 'Recidivism' is nowhere defined in the Penal Code, but its common meaning is very clearly defined by Webster to mean 'a tendency to relapse into a previous condition or mode of behavior; [a] repeated relapse into criminal or delinquent habits.' (Webster's Third New Internat. Dict. (1961) p. 1895.) This is precisely the sort of behavior addressed by section 12022.1: 'The purpose of section 12022.1 is to meet public concern over offenders who are arrested [and] then allowed back on the street a short time later only to commit more crimes.' (*People* v. *Lewis* (1986) 185 Cal.App.3d 923, 927 [230 Cal.Rptr. 115]. See also, *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1356 [247 Cal.Rptr. 197]: 'The legislative intent of section 12022.1 was to punish recidivists with additional penalties.') Thus, the underlying purpose of section 12022.1 is precisely that which underlies article I, section

28(f)—to penalize recidivistic behavior with increased punishment." (*People* v. *Burnes, supra,* 224 Cal.App.3d at p. 1231.)

The *Burnes* court concluded section 12022.1 on-bail enhancements are, in essence, "prior felony conviction" enhancements within the meaning of article I, section 28(f), and are thus exempt from the double-the-base-term limitation by operation of that constitutional provision. "While it is true that section 12022.1 enhancements may well be (and oftentimes are) *charged* before there is an actual 'prior felony conviction,' such enhancements are not *imposed* unless there has been a conviction of both the 'primary offense' and the 'secondary offense.' Thus, section 12022.1 enhancements are never imposed unless the defendant has been convicted of a prior felony as well as a subsequent felony—and, in this sense, section 12022.1 enhancements constitute 'prior felony conviction' enhancements. [Footnote.]" (*People* v. *Burnes, supra,* 224 Cal.App.3d at pp. 1231-1232, italics in original.)[5]

The same conclusion was reached by a different panel of the Fifth District Court of Appeal in *People* v. *Vega, supra,* 224 Cal.App.3d 506. The *Vega* court reasoned, "Although section 12022.1 comes into play before there is a prior felony conviction, it has no life until and unless the primary offense is a final felony conviction. Furthermore, the purpose of section 12022.1, to punish recidivists with additional penalties (*People* v. *Warinner, supra,* 200 Cal.App.3d 1352, 1356), comports with the purpose behind article I, section 28, subdivision (f) of the California Constitution. Thus, a section 12022.1 enhancement is an enhancement based on a prior felony conviction, as that term is broadly and liberally construed, and is not subject to the double-the-base-term limitation of section 1170.1, subdivision (g)." (*People* v. *Vega, supra,* 224 Cal.App.3d at p. 520.)

We agree with the *Burnes* and *Vega* courts' observation that the purpose and intent behind a section 12022.1 enhancement, generally speaking, is essentially the same as that underlying article I, section 28(f): to penalize *recidivist* conduct with increased punishment. Courts that have addressed the issue have uniformly agreed that the underlying purpose of section 12022.1 enhancements is to punish this particular form of recidivism with increased penalties. (See, e.g., *People* v. *Watkins* (1992) 2 Cal.App.4th 589, 593 [3 Cal.Rptr.2d 563] [section 12022.1 enhancements "seek[] to deter the commission of new felonies by persons released from custody on an earlier

[5]The *Burnes* court acknowledged that section 12022.1, subdivision (d), itself presupposes that conviction of the "secondary" offense might occur *prior to* conviction of the "primary offense" for which defendant has been released on bail or his own recognizance. The court reasoned that "[t]o the extent that 'prior felony conviction' enhancements are understood as including section 12022.1 'on bail' enhancements, then, the word 'prior' must be understood as referring to the word 'felony' rather than the word 'conviction.' " (*People* v. *Burnes, supra,* 224 Cal.App.3d at p. 1232, fn. 8.)

felony"]; *People* v. *Warinner* (1988) 200 Cal.App.3d 1352, 1356 [247 Cal.Rptr. 197] ["punish recidivists with additional penalties"]; *People* v. *Lewis* (1986) 185 Cal.App.3d 923, 927 [230 Cal.Rptr. 115] ["The purpose of section 12022.1 is to meet public concern over offenders who are arrested then allowed back on the street a short time later only to commit more crimes"]; see also *People* v. *Overstreet* (1986) 42 Cal.3d 891, 903 [231 Cal.Rptr. 213, 726 P.2d 1288] (dis. opn. of Grodin, J.) [the purpose of section 12022.1 is "to impose an increased sentence upon persons who commit additional crimes while released on bail or own recognizance"].)

Nonetheless, although the commission of a new felony offense while released on bail or on one's own recognizance may fairly be characterized as a form of *recidivist* conduct, such a characterization does not itself transform the earlier felony—from which the defendant was released from custody when he committed the new offense—into a *"prior* felony *conviction"* for purposes of defining the elements of an on-bail enhancement. Nor do any of the above cited authorities so hold.

To the contrary, the express language of section 12022.1 reflects that the Legislature did not intend on-bail enhancements to operate in the same manner as "prior felony conviction" enhancements. A "primary offense" is defined in the statute as "a felony offense for which a person has been released from custody on bail or on his or her own recognizance *prior to the judgment becoming final . . . ."* (§ 12022.1, subd. (a)(1), italics added.) The enhancement is made applicable whenever "[a]ny person [is] arrested for a secondary offense which was alleged to have been committed *while that person was released from custody on a primary offense* [as defined in subdivision (a)(1)] . . . ."* (§ 12022.1, subd. (b), italics added.) And the statutory scheme expressly provides for those circumstances in which "there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense *prior to the conviction of the primary offense . . . ."* (§ 12022.1, subd. (d), italics added.) These provisions effectively distinguish on-bail enhancements from prior felony conviction (or prior prison term) enhancements, which are based on the offender's status as a *previously convicted* felon.

We recognize, as did the *Burnes* and *Vega* courts, that section 12022.1 on-bail enhancements are not *imposed* unless the defendant is ultimately convicted of the "primary" and "secondary" offenses. (§ 12022.1, subd. (d).) But we cannot agree that these procedural provisions render the ultimate conviction of the primary offense a "prior felony conviction," when entry of judgment and imposition of sentence for that offense occurs *at the very same proceeding* as sentencing on the secondary offense, and indeed, under some

circumstances, may occur *subsequently* thereto. Thus, a defendant can be convicted of the new (secondary) offense, the on-bail enhancement "proved," and sentence on that offense pronounced—all *before* a conviction of the primary offense is obtained. Under those circumstances, imposition of the on-bail enhancement, already pleaded, proved, and formally of record, is stayed pending conviction and imposition of sentence for the primary offense; the stay to become permanent in the event defendant is ultimately acquitted of the primary offense. (§ 12022.1, subd. (d).)

Although a "narrow" and "hypertechnical" construction of the term "prior felony conviction" as utilized in article I, section 28(f), is to be avoided (*People* v. *Prather, supra*, 50 Cal.3d at p. 439), a conclusion that an on-bail enhancement is the equivalent of a "prior felony conviction" enhancement would, in our view, be manifestly at odds with the foregoing procedural scheme. As stated in the dissent in *Vega*: "While article I, section 28(f) . . . seeks to punish recidivism, it does not follow that section 12022.1's 'on bail' enhancement is based on prior felony convictions. The statutes deal with two different types of recidivists. Section 12022.1 punishes a person who commits a new felony while released from custody on an earlier felony of which he ultimately is convicted; enhancements based on prior felony convictions punish persons who commit new crimes only after conviction of earlier felonies." (*People* v. *Vega, supra*, 224 Cal.App.3d at p. 524 (conc. & dis. opn. of Ardaiz, J.).)

We further recognize that the *Burnes* and *Vega* courts placed some reliance on this court's earlier comment in *People* v. *Tassell* (1984) 36 Cal.3d 77 [201 Cal.Rptr. 567, 679 P.2d 1], purportedly grouping section 12022.1 enhancements with other "[e]nhancements for prior convictions." (36 Cal.3d at p. 90.) In the broader context of describing the categories of enhancements referred to in the determinate sentencing scheme of section 1170.1, we made the following observation in *Tassell*: "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions— authorized by sections 667.5, 667.6 and *12022.1*—are of the first sort." (*People* v. *Tassell, supra*, 36 Cal.3d at p. 90, italics added.)

The *Burnes* court characterized this statement in *Tassell* as "something less than an express holding" (*People* v. *Burnes, supra*, 224 Cal.App.3d at p. 1232); the *Vega* court characterized it as "something more than dictum." (*People* v. *Vega, supra*, 224 Cal.App.3d at p. 520.) Our characterization of section 12022.1 enhancements as "[e]nhancements for prior convictions" in *Tassell* was made only in the general context of distinguishing enhancements that go to the nature of the offender from those going to the nature of the

offense. Our passing reference to section 12022.1 was merely illustrative of the former category of enhancements. In that case, we neither discussed whether, nor held that, section 12022.1 enhancements are enhancements based on prior felony convictions. The comment was dictum insofar as no on-bail enhancement was directly at issue in that case.

Defendant and amici curiae urge that an on-bail enhancement, rather than being imposed on a defendant for having suffered a "prior felony conviction" within the meaning of article I, section 28(f), is instead imposed for the violation or breach of the court's trust involved when the defendant commits a new felony offense while released from custody on bail or on his or her own recognizance on an earlier felony. In *People v. Melchor* (1989) 211 Cal.App.3d 1485, 1489 [260 Cal.Rptr. 174], it was suggested that imposition of a section 12022.1 on-bail enhancement "reflects [the defendant's] breach of the terms of his special custodial status . . . ." We agree with the *Melchor* court's observation, but point out it is merely a recognition of but one aspect of the recidivist conduct evident when an offender, while released on bail or on his own recognizance, commits new crimes. Although such conduct plainly constitutes a breach of the releasing court's trust and the terms of any release agreement, if section 12022.1 nonetheless authorized enhancement of sentence for new crimes committed after having suffered a *prior* felony conviction, we would not hesitate to apply the mandate of article I, section 28(f), and conclude that on-bail enhancements must be excluded from the double-the-base-term rule by operation of that constitutional provision as interpreted by *Prather*. But section 12022.1, by its express terms, simply does not prescribe a prior felony conviction enhancement.

In sum, although it was readily concluded in *Prather* that section 667.5, subdivision (b), "prior prison term" enhancements were "prior felony conviction" enhancements within the meaning of article I, section 28(f)—the former being a virtual "subset" of the latter (*People v. Prather, supra,* 50 Cal.3d at p. 440)—a similar conclusion cannot be drawn here. Section 12022.1 enhancements are not imposed as a result of a defendant's status as a prior convicted felon. Rather, they relate more specifically to the defendant's commission of a new felony offense while released from custody on an earlier felony of which he is ultimately convicted. The fact that *imposition* of an on-bail enhancement requires conviction of the primary offense at some stage of the proceedings does not render the enhancement one based upon a "prior felony conviction" within the meaning of article I, section 28(f). It

follows that the constitutional provision does not bar application of the double-the-base-term limitation to section 12022.1 enhancements.[6]

In light of our disposition, we need not address defendant's further claim that to hold section 12022.1 enhancements exempt from the double-the-base-term rule of section 1170.1(g) by operation of article I, section 28(f), would violate the ex post facto clauses of the state or federal Constitution.

## CONCLUSION

The judgment of the Court of Appeal is affirmed.

Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.

**MOSK, J.**—I concur in the judgment.

It is plain that article I, section 28, subdivision (f) of the California Constitution does not abrogate the "double the base term" limit of Penal Code section 1170.1, subdivision (g), as applied to "on bail" sentence enhancements under Penal Code section 12022.1. The reason is simple and straightforward. As I explained in my dissenting opinion in *People* v. *Prather* (1990) 50 Cal.3d 428, 441 [267 Cal.Rptr. 605, 787 P.2d 1012], the constitutional provision "has no relevant effect . . . whatever" on the statutory measure.

---

[6]To the extent they are inconsistent with the views expressed herein, *People* v. *Vega, supra,* 224 Cal.App.3d 506, and *People* v. *Burnes, supra,* 224 Cal.App.3d 1222, are disapproved.