105 Cal.Rptr.2d 614 (2002)
88 Cal.App.4th 227
The PEOPLE, Plaintiff and Respondent,
v.
Daniel WALKER, Defendant and Appellant.
No. C030891.
Court of Appeal, Third District.
April 3, 2001.
Review Granted July 18, 2001.
*616 Susan D. Shors, under appointment by the Court of Appeal, San Francisco, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, W. Scott Thorpe, Supervising Deputy Attorney General, Wayne K. Strumpfer, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
*615 SCOTLAND, P.J.
This appeal poses the question whether a defendant who is charged with a felony, is released on bail, and fails to appear as required can be punished for violations of both Penal Code section 1320.5 (failure to appear) and Penal Code section 12022.1 (an enhancement for committing an offense while released on bail or on one's own recognizance). The argument presented is that applying both statutes results in double punishment for the same act,failing to appearand thus violates Penal Code section 654, which states that an act or omission punishable in different ways by different statutory provisions shall not be punished under more than one provision. (Further section references are to the Penal Code.) We disagree.
As we will explain in the published portion of our opinion, section 12022.1 does not punish an act or omission within the meaning of section 654; rather, it is an enhancement attributable to the status of the offender. Therefore, section 654 is not applicable to punishment imposed pursuant to section 12202.1.
We also reject the dissent's position that section 1320.5 is a special statute which precludes prosecution under section 12022.1. The "special statute over general statute" rule applies only where each element of the "general" statute corresponds to an element on the face of the "special" statute, or where it appears from the entire context that a violation of the special statute will necessarily or commonly result in a violation of the general statute. As will be explained, neither prong of the special statute over general statute rule can be established with respect to sections 1320.5 and 12022.1. It is a rule of statutory constructiondesigned to ascertain and carry out legislative intentthat should be applied only when there is no rational basis for permitting application of the plain meaning of both statutes, i.e., only when it is readily apparent the Legislature intended the more specific statute alone to apply. Because sections 1320.5 and 12022.1 reasonably can be interpreted to reflect a legislative determination that a person who fails to appear as ordered for court proceedings regarding a felony for which the person ultimately is convicted is more culpable than a person who fails to appear for court proceedings on an alleged felony for which the person ultimately is acquitted, the special statute over general statute rule does not apply.
In the unpublished part of our opinion, we accept the People's concession that the trial court erred in failing to stay the sentences imposed on two counts. We shall modify the judgment accordingly and affirm as modified.

FACTS AND PROCEDURAL BACKGROUND
After having been released on bail during the prosecution of felony charges in
*617 Sacramento County, defendant Daniel Walker was charged in case No. 62-344 with committing burglaries and related crimes in Placer County. The complaint also alleged that defendant committed the Placer County crimes while released on bail on the Sacramento County charges (§ 12022.1).
Again, defendant was released on bail and thereafter was ordered to appear in court on April 2, 1998. When he did not appear as ordered, new charges were filed against him in case No. 62-2191, alleging he evaded the process of the court by willfully failing to appear as required (§ 1320.5) and committed that offense while released on bail (§ 12022.1).
After defendant was rearrested and brought to trial in case No. 62-344, he was convicted of the offenses charged and admitted committing them while released on bail. In case No. 62-2191, defendant pled guilty to failing to appear in case No. 62-344, and admitted committing that offense while released on bail.
Defendant was sentenced to an aggregate term of 12 years and 8 months as follows: In case No. 62-344, the court imposed a term of 6 years for burglary in count 1, a consecutive term of 1 year and 4 months for burglary in count 2, a consecutive term of 1 year and 4 months for burglary in count 3, a consecutive term of 8 months for grand theft in count 4, and a consecutive term of 8 months for receiving stolen property in count 5. The court stayed a term of 2 years for the on-bail enhancement. In case No. 62-2191, the court imposed a consecutive term of 8 months for the failure to appear, plus a consecutive term of 2 years for the on-bail enhancement.
On appeal, defendant raises two claims of sentencing error, only one of which has merit.

DISCUSSION

I[**]

II
As noted above, in case No. 62-2191, defendant was convicted and sentenced for violating section 1320.5, and also received a sentence enhancement pursuant to section 12022.1.
Section 1320.5 provides that, if a person charged with or convicted of a felony is released on bail and, in order to evade the process of the court, willfully fails to appear as required, the person is guilty of a felony punishable by a fine and/or imprisonment in state prison (for a term of 16 months, two years, or three years) or in county jail (for a period of up to one year).
Section 12022.1 provides that, if a person charged with a felony (the primary offense) is released on bail or on his or her own recognizance and then is arrested for committing another felony (the secondary offense) while released from custody on the primary offense, the person is subject to "a penalty enhancement of an additional two years" if convicted of both the primary offense and the secondary offense. (§ 12022.1, subds.(a), (b), (d), (f).)
Defendant contends that the term imposed for the "on-bail enhancement" (§ 12022.1; People v. McClanahan (1992) 3 Cal.4th 860, 868, 12 Cal.Rptr.2d 719, 838 P.2d 241) in case No. 62-2191 must be stayed pursuant to section 654 because the enhancement and his conviction for failing to appear (§ 1320.5) are based upon "the same act," for which he cannot be "punished twice." The contention fails.
Section 654 states in pertinent part: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision...."
*618 Section 12022.1 does not punish an act or omission within the meaning of section 654; rather, it is an enhancement attributable to the status of the offender. (See People v. McClanahan, supra, 3 Cal.4th at p. 871, 12 Cal.Rptr.2d 719, 838 P.2d 241 [a section 12022.1 enhancement is imposed based upon the accused's status of being released from custody, on bail or on his or her own recognizance, when the accused commits a new felony offense]; see also Sen. Com. on Judiciary Rep. on Assem. Bill No. 692 (1981-1982 Reg. Sess.) p. 5 [describing the section 12022.1 enhancement as "another status enhancement"].)
This is so because the section 12022.1 enhancement is unrelated to the circumstances of what the accused did when the secondary offense was committed. An accused is subject to the enhancement regardless of the nature of the secondary offense committed while released from custody pending proceedings on the primary offense. (Cf. People v. Coronado (1995) 12 Cal.4th 145, 157, 48 Cal.Rptr.2d 77, 906 P.2d 1232 [section 654 is not applicable to sections 666 and 667.5 because they both "apply to facts, not acts; they relate to the status of the recidivist offender engaging in criminal conduct, not to the conduct itself'].)
Because the section 12022.1 enhancement is attributable to the status of the accused, it does not implicate multiple punishment of an "act or omission," and section 654 is not applicable. (See People v. Coronado, supra, 12 Cal.4th at p. 158, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
Not only does our dissenting colleague fault our section 654 analysis, he offers another reason, not raised by defendant, why the on-bail enhancement should not be imposed. In his view, section 1320.5 is "a special statute punishing the willful failure to appear when required while on bail in a felony proceeding" and, as such, "is facially within the general statute, section 12022.1, which punishes, as an enhancement, the commission of any felony while on felony bail." Therefore, our colleague believes, the special statute over general statute rule requires us to strike the section 12022.1 on-bail enhancement appended to the section 1320.5 conviction for defendant's failure to appear while on bail. We disagree.
"The doctrine that a [special] statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (People v. Jenkins (1980) 28 Cal.3d 494, 505, 170 Cal.Rptr. 1, 620 P.2d 587.) This doctrine applies only in two circumstances:
(1) where each element of the "general" statute corresponds to an element on the face of the "special" statute, or (2) where it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute. (People v. Coronado (1995) 12 Cal.4th 145, 154, 48 Cal. Rptr.2d 77, 906 P.2d 1232.)
The first circumstance does not apply because what the dissent characterizes as the general statute (§ 12022.1) contains elements not present on the face of section 1320.5. The elements of section 1320.5 are the accused (1) is charged with a felony, (2) is released on bail, and (3) in order to evade the process of the court, willfully fails to appear as ordered. The elements of section 12022.1 are the accused (1) is charged with a felony, the "primary offense," (2) is released on bail or on his or her own recognizance, (3) commits a felony, "the secondary offense," while released from custody, (4) is convicted of the primary offense, and (5) is convicted of the secondary offense. (§ 12022.1, subds.(a), (b), (d), (f).)
Nor will a violation of section 1320.5 necessarily or commonly result in a violation of section 12022.1. This is so because *619 the accused may be convicted of the secondary offense (§ 1320.5) but be acquitted of the primary offense and, therefore, pursuant to subdivision (d) of section 12022.1, may not be punished for violating section 12022.1. (See People v. McClanahan, supra, 3 Cal.4th at p. 871, 12 Cal.Rptr.2d 719, 838 P.2d 241 [section 12022.1 enhancement relates to an accused who commits a new felony offense "while released from custody on an earlier felony of which he is ultimately convicted" (emphasis added) ].)
Even if, as the dissent puts it, "in most cases a person charged with a felony will be convicted of a felony" and thus would be subject to punishment under both sections 1320.5 and 12022.1, this does not mean the special statute/general statute rule should apply. First, the premise is overstated. There are many cases in which an accused is acquitted or the jury is deadlocked on the primary charge; therefore, it cannot be said a violation of section 1320.5 will necessarily or commonly result in a violation of section 12022.1 within the meaning of the special statute over general statute rule. Second, as previously noted, that rule is a principle of statutory construction designed to ascertain and carry out legislative intent. Accordingly, it should be applied only when there is no rational basis for permitting application of the plain meaning of both statutes, i.e., only when it is readily apparent that the Legislature intended the more specific statute alone to apply. Because sections 1320.5 and 12022.1 reasonably can be interpreted to reflect a legislative determination that a person who fails to appear as ordered for court proceedings regarding a felony for which the person ultimately is convicted is more culpable than a person who fails to appear for court proceedings on an alleged felony for which the person ultimately is acquitted, the special statute/general statute rule does not apply. (People v. Coronado, supra, 12 Cal.4th at p. 154, 48 Cal.Rptr.2d 77, 906 P.2d 1232; People v. Jenkins, supra, 28 Cal.3d at p. 505, 170 Cal.Rptr. 1, 620 P.2d 587.)

DISPOSITION
The judgment is modified to stay the sentences imposed on counts 4 and 5 (case No. 62-344) pending defendant's completion of the other terms of his sentence, at which time the stays shall become permanent. As modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect this modification, and to send a certified copy of the amended abstract to the Department of Corrections.
CALLAHAN, J., concurs.
BLEASE, J., dissenting.
I dissent from the majority view that the defendant may be punished twice for the same omission of willfully failing to appear as required while released from custody on bail from a pending felony charge.
Penal Code section 12022.1[1] exacts a two-year enhancement when a person is arrested for a felony (the secondary offense) while released on bail on a pending felony charge (the primary offense) and is convicted of both the primary and secondary offenses. Section 1320.5 makes it a felony (a wobbler) to willfully fail to appear as required while released on bail when charged with or convicted of a felony.
In this case the defendant was released on bail on a pending felony, a burglary. While on bail he was arrested and later convicted for violation of section 1320.5, for which he received a penalty of one third the midterm of two years. He was convicted of the burglary offense and his sentence was enhanced by two years under section 12022.1 for the reason the section 1320.5 offense occurred while he was on bail from the burglary charge.
Thus, the same omissionthe willful failure to appear on bailwas made the basis of punishments under two "different *620 provisions of law," once as punishment for the substantive offense of willful failure to appear while on bail from a felony charge (§ 1320.5) and once as an enhancement for having committed the substantive offense while on felony bail (§ 12022.1).
The majority find this catch-22 circumstance does not contravene either section 654 or the similar rule that a special statute prevails over a general statute. I disagree on both counts.

I

Section 654
This case precisely fits the language of section 654.
"An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but [not] under more than one provision...."
Section 654 does not distinguish between an offense and an enhancement for an offense.[2] It speaks of multiple punishments for "[a]n act or omission" under "different provisions of law." "Its purpose is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute...." (3 Witkin & Epstein,
Cal.Criminal Law (3d ed. 2000) Punishment, § 129, pp. 191-192; some italics omitted.) "The section applies when a course of conduct violates more than one statute but constitutes and indivisible transaction." (Id. at p. 192.)
In this case there plainly was but one "omission," the willful failure to appear while on felony bail, which was punished twice under two "different provisions of law."
The majority seek to escape the application of section 654, reasoning that "Section 12022.1 does not punish an act or omission within the meaning of section 654; rather, it is an enhancement attributable to the status of the offender."[3] (Maj. opn. at p. 617, italics added; citing to People v. McClanahan (1992) 3 Cal.4th 860, 871, 12 Cal.Rptr.2d 719, 838 P.2d 241.) "Because the section 12022.1 enhancement is attributable to the status of the accused, it does not implicate multiple punishment of an 'act or omission,' and section 654 is not applicable. (See People v. Coronado, supra, 12 Cal.4th at p. 158, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)" (Maj. opn. at p. 618.)
The majority implicitly analogize this case to the recidivist conduct at issue in Coronado. There, the "facts," which the court identified as giving rise to the status which was punished by reason of a new felony (§§ 667 and 667.5), were prior convictions. In Coronado there was no "single act or omission," no "indivisible transaction" which was punished under different provisions of law, the circumstance to which section 654 is addressed.
Coronado recognized "there are at least two types of sentence enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. [Citations.] Prior prison term enhancements ... fall into the first category and are attributable to the defendant's status as a repeat offender. [Citations.] The second category of enhancements, which are exemplified by those authorized under sections 12022.5 and 12022.7, arise from the circumstances *621 of the crime and typically focus on what the defendant did when the current offense was committed." (Pp. 156-157, first italics added; succeeding italics omitted.)
The majority would place this case in the first (prior conviction) category. "But [unlike Coronado ] section 12022.1, by its express terms, simply does not prescribe a prior felony conviction enhancement." (McClanahan, supra, 3 Cal.4th at p. 871, 12 Cal.Rptr.2d 719, 838 P.2d 241; see also In re Jovan B. (1993) 6 Cal.4th 801, 813, 25 Cal.Rptr.2d 428, 863 P.2d 673.) "[Although the commission of a new felony offense while released on bail .. . may fairly be characterized as a form of recidivist conduct, such a characterization does not itself transform the earlier felony, from which the defendant was released from custody when he committed the new offenseinto a prior felony conviction' for purposes of defining the elements of the on-bail enhancement." (McClanahan, supra, 3 Cal.4th at p. 869, 12 Cal.Rptr.2d 719, 838 P.2d 241, italics in original.)
It is true that the felony which defendant committed while on felony bail, the willful failure to appear while on bail, did not arise from the circumstances of the burglary with which he was charged. But it did arise from a "single omission" to appear while on bail, which was made "punishable in different ways by different provisions of law."

II

The Special/General Rule
"The doctrine that a special statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply. Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and `requires us to give effect to the special provision alone in the face of the dual applicability of the general provision ... and the special provision....'" (People v. Jenkins (1980) 28 Cal.3d 494, 505-506, 170 Cal.Rptr. 1, 620 P.2d 587, citation omitted.) The special over the general rule has been applied in the context of enhancements. (See In re Shull (1944) 23 Cal.2d 745, 146 P.2d 417; see also People v. Coronado, supra, 12 Cal.4th at pp. 153-154, 48 Cal. Rptr.2d 77, 906 P.2d 1232.)
In this case the Legislature, in section 1320.5, has enacted a special statute punishing the willful failure to appear when required while on bail in a felony proceeding. The section 1320.5 offense is facially within the general statute, section 12022.1, which punishes, as an enhancement, the commission of any felony while on felony bail. It is difficult to conceive the Legislature intended to reach section 1320.5, resulting in double punishment, rather than a nonbail felony which is the manifest target of section 12022.1.
The special/general rule applies when "`each element of the "general" statute corresponds to an element on the face of the [special] statute' or `it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute.'" (Coronado, supra, 12 Cal.4th at p. 154, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
The majority are of the belief that a violation of section 1320.5 will not "necessarily or commonly" result in a violation of section 12022.1. I do not agree.
In every case in which a defendant is convicted under section 1320.5, an enhancement must be imposed under section 12022.1 if the defendant is also convicted of the offense from which bailed. Section 1320.5 expressly extends to a failure to appear when released following a conviction of the on-bail offense and necessarily extends to a release preceding a conviction of that offense.
The majority seize on the fact that section 1320.5 applies, and section 12022.1 does not, when the defendant is not convicted of the on-bail offense. But that is a *622 distinction without a difference given the policy of section 12022.1. As noted, conviction of the on-bail offense "appears to have no technical significance for the enhancement and seems attributable simply to the adult terminology employed throughout the DSA enhancement scheme." (In re Jovan B., supra, 6 Cal.4th at p. 814, 25 Cal.Rptr.2d 428, 863 P.2d 673.) That is because an enhancement enhances something and if there is no conviction of a primary offense, there is nothing for section 12022.1 to enhance. So, in every case in which section 12022.1 could apply to a section 1320.5 violation, it does. And, since in most cases a person charged with a felony will be convicted of a felony, a violation of section 1320.5 while on bail from the felony charge will "commonly result" in a violation of the enhancement provisions of section 12022.1.
The gravamen of section 12022.1 is not the conviction of the primary offense since that is the necessary precondition to an enhancement. Rather, the point of section 12022.1 is the commission of a secondary offense while on bail. What the Legislature undoubtedly sought to punish was the commission of a nonbail felony while on bail, not the catch-22 circumstance here at issue. That policy is fulfilled if the punishment for section 1320.5 alone is imposed.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of Part 1.
[**] See footnote *, ante.
[1] References to a section are to the Penal Code.
[2] People v. Coronado (1995) 12 Cal.4th 145, 157, 48 Cal.Rptr.2d 77, 906 P.2d 1232 eschewed resolution of the issue whether enhancements as such are outside section 654. (Coronado, at p. 157, 48 Cal.Rptr.2d 77, 906 P.2d 1232.) However, the logic of the opinion leads to the conclusion assayed in this dissent.
[3] "This is so [the majority reason] because the section 12022.1 enhancement is unrelated to the circumstances of what the accused did when the secondary offense was committed." (Maj. opn. at p. 617.) This misses the point of section 654. It applies to the punishment of a single act or omission under "different provisions of law" regardless of whether those provisions have other applications which do not contravene section 654.