Filed 9/29/16  P. v. Eastman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN BARRY EASTMAN,<br><br>Defendant and Appellant. | C079559<br><br>(Super. Ct. Nos. CM032043, CM033545) |

Defendant John Barry Eastman pleaded no contest in two different cases to theft, possession of a controlled substance and failure to appear.  He also admitted an on-bail enhancement allegation.  (Pen. Code, § 12022.1)[1]  The trial court suspended imposition of sentence and placed defendant on probation, but later revoked probation and sentenced him to six years four months in state prison.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant subsequently filed a section 1170.18 petition for resentencing under Proposition 47. The trial court reduced the possession conviction to a misdemeanor and resentenced defendant to an aggregate incarceration of six years four months in prison and jail.

Defendant now contends (1) the trial court erred in failing to strike the on-bail enhancement when the underlying possession offense was reduced to a misdemeanor, and (2) if his first contention fails, the abstract of judgment should be corrected to reflect that defendant only admitted the on-bail enhancement with respect to the possession count, not the failure to appear count.

Because the on-bail enhancement attaches to the offender rather than to a particular offense, we will affirm the trial court's orders and we will not order correction of the abstract of judgment.

BACKGROUND

On January 23, 2010, defendant stole four tires from a Les Schwab Tires in Paradise. Case No. CM032043 charged him with grand theft (§ 487, subd. (a)) and included prior strike conviction and prior prison term allegations (§§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12, subds. (a)-(d)).

While on bail in case No. CM032043, defendant failed to appear in court on June 8, 2010. He was arrested on June 18, 2010, and found to be in possession of one gram of methamphetamine. Case No. CM033545 charged him with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) -- count 1) and failure to appear (§ 1320.5 -- count 2) and included on-bail enhancement allegations (§ 12022.1).

Defendant subsequently pleaded no contest to the theft, possession and failure to appear counts, and admitted an on-bail enhancement allegation. The trial court suspended imposition of sentence and placed defendant on probation. However, the trial court subsequently revoked probation and sentenced defendant to six years four months in state prison.

2

On February 5, 2015, defendant filed a section 1170.18 petition for resentencing. The trial court reduced the possession of methamphetamine conviction to a misdemeanor and resentenced defendant to five years eight months on the remaining felony convictions and the on-bail enhancement, plus a consecutive eight-month county jail term on the misdemeanor possession offense, for an aggregate incarceration of six years four months.

DISCUSSION

Defendant contends the trial court erred in failing to strike the on-bail enhancement when the underlying possession offense was reduced to a misdemeanor. His contention is based on the following portion of the plea colloquy.

"THE COURT:  And with respect to Count 1, do you admit the special allegation under Penal Code section 12022.1 that you were out of custody on either bail or your own recognizance in case number CM032043 at the time Count 1 was committed?

"THE DEFENDANT:  No Contest, Your Honor.

"THE COURT:  Do you admit that allegation that that's true?

"THE DEFENDANT:  Yes.

"THE COURT:  All right.  And then with respect to Count 2, how do you plead to the violation listed there, that's Penal Code Section 1320.5, that's failure to appear while on bail as a felony?

"THE DEFENDANT:  No contest."

According to defendant, this exchange shows that he admitted the on-bail enhancement alleged in connection with count 1 (possession of methamphetamine) in case No. CM033545.  Because the on-bail enhancement applies only when a defendant is convicted of a felony committed while out on bail,[2] defendant argues the trial court had

---

[2] Section 12022.1 states in pertinent part:  "(a) For the purposes of this section only: [¶] (1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming

3

to strike the on-bail enhancement when it reduced the possession of methamphetamine conviction to a misdemeanor.

The Attorney General counters that defendant admitted the enhancement allegations as to both counts. In support of this argument, the Attorney General notes the on-bail enhancement was alleged under both counts in case No. CM033545, and in describing the terms of the plea agreement, defendant's trial counsel simply said defendant would be admitting "the bail O/R enhancement in that case." The Attorney General adds that the trial court's language during the plea colloquy shows it "conflated the language of the on-bail enhancement with appellant's plea to count 2."

Enhancements fall into one of two general categories, those based on the nature of the offender and those based on the nature of the offense. (See *People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401.) The on-bail enhancement goes to the nature of the offender rather than the offense. (*Tassell*, at p. 90; *People v. McClanahan* (1992) 3 Cal.4th 860, 868-869, 870-871.) Accordingly, section 654 does not bar imposition of the enhancement on a defendant convicted of felony failure to appear under section 1320.5. (*People v. Walker* (2002) 29 Cal.4th 577, 589.) And a trial court may impose only one such enhancement in sentencing a defendant on multiple convictions. (*People v. Augborne* (2002)

_____

final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked. In cases where the court has granted a stay of execution of a county jail commitment or state prison commitment, 'primary offense' also means a felony offense for which a person is out of custody during the period of time between the pronouncement of judgment and the time the person actually surrenders into custody or is otherwise returned to custody. [¶] (2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense. [¶] (b) Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subds. (a) & (b).)

4

104 Cal.App.4th 362, 376-377.) Thus, enhancements based on the nature of the offender are not imposed on any specific offense, but are instead added to the total term. "The base term and any offense-related enhancements constitute the principal term. If a defendant is convicted of a number of crimes, the court imposes subordinate terms and directs that they be served concurrently or consecutively to the principal term. [Citation.] The aggregate term, then, is comprised of the principal term, any subordinate terms, and any additional terms added for offender-related enhancements." (*People v. Anderson* (1995) 35 Cal.App.4th 587, 593, fn. 7 omitted.)

Here, the information alleged the enhancement as to both counts. There is no question defendant committed both crimes in case No. CM033545 -- possession of methamphetamine and felony failure to appear -- while on bail in case No. CM032043. Because the enhancement could apply only once in the case, there was no reason to apply it to one count or the other. The change of plea form signed by defendant admitted the on-bail enhancement without specifying a particular count. And defense counsel correctly described the enhancement as applying to the case. The trial court only asked defendant to admit the enhancement allegation once.

Because the felony failure-to-appear conviction was not affected by the trial court's section 1170.18 determination, the on-bail enhancement continued to apply to defendant. The trial court did not err in declining to strike the enhancement at resentencing.

We also decline to order a correction of the abstract of judgment. After the resentencing petition, the trial court prepared a new abstract indicating that defendant was convicted of grand theft in count 1A and failure to appear in count 2B with an on-bail enhancement for count 2B. The reference to count 2B for the enhancement correctly shows the enhancement applying to case B, case No. CM033545, rather than case A, case No. CM032043. Because defendant is now convicted of only one felony count in case

No. CM033545 -- the count 2 failure to appear -- the abstract correctly reflects the judgment and sentence as modified following the section 1170.18 petition.

DISPOSITION

The trial court's orders are affirmed.


_____/S/_____
MAURO, J.

We concur:


\_\_\_\_\_/S/_____
HULL, Acting P. J.


\_\_\_\_\_/S/_____
MURRAY, J.

6