Filed 11/5/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262023 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA097755) |
| v. | |
| STEVENSON BUYCKS, | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:*

The opinion herein, filed on October 20, 2015, is modified as follows:

1.  On page 7, line 5, insert "(Italics added.)" before the sentence that begins "In finding."

2.  On page 7, delete the text in footnote 2 and replace it with the following text:

> In a petition for rehearing, respondent contends we have misinterpreted both *Rivera* and *Park* to conclude the phrase "misdemeanor for all purposes" in section 1170.18, subdivision (k) applies "retroactively." But *Rivera* addressed a different issue, holding that the relevant statutes and California Rules of Court created Court of Appeal jurisdiction over an appeal when the defendant was originally *charged* with a felony that was later reduced to a misdemeanor pursuant to Proposition 47 and the defendant was resentenced to a misdemeanor. (*Rivera, supra*, 233 Cal.App.4th at pp. 1093, 1095-1096, citing § 691, subd. (f) & Cal. Rules of Court, rule 8.304.)  Here, section 12022.1 contains no similar language, and, as we will discuss, it applies only when the defendant has been *convicted* of a primary felony offense.

> Further, citing *People v. Feyrer* (2010) 48 Cal.4th 426 (*Feyrer*) and *People v. Banks* (1959) 53 Cal.2d 370 (*Banks*), the court in *Rivera* opined

that, because section 1170.18, subdivision (k) contains similar language to section 17, subdivision (b) and that provision has been interpreted not to apply retroactively, a felony case is not converted to a misdemeanor case for the purpose of appellate jurisdiction by later reduction of the offense to a misdemeanor pursuant to Proposition 47. (*Rivera, supra*, 233 Cal.App.4th at pp. 1094-1097.) As we have explained, our case does not involve the *retroactive* application of section 1170.18, subdivision (k), given the trial court *fully resentenced* appellant in his second case, requiring it to evaluate the circumstances as they existed *at that point in time*. As noted in *Park*, in neither *Feyrer* and *Banks* "did the court exercise its discretion pursuant to section 17[, subdivision (b)] to reduce a wobbler to a misdemeanor," as the trial court did here prior to appellant's resentencing in his second case. (*Park, supra*, 56 Cal.4th at p. 802.)

We recognize in *Park* the defendant's first wobbler offense had been reduced to a misdemeanor before he committed his second offense, whereas here appellant had committed and been convicted of his second offense before he obtained resentencing in both his first and second cases. (*Park, supra*, 56 Cal.4th at p. 802.) In that circumstance, *Park* noted, "There is no dispute that, under the rule in [*Feyrer* and *Banks*], defendant would be subject to the section 667[, subdivision (a)] enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Ibid.*) Had *Park* involved a full resentencing in the second case as here, however, we think the court would agree that the trial court was required to apply both section 1170.18, subdivision (k) and section 12022.1 to the facts as they existed at that time, just as a court must apply section 17, subdivision (b) to the facts as they exist when the defendant commits and is sentenced to a new offense after his prior wobbler conviction is reduced to a misdemeanor. Of course, this case does not involve a *collateral* challenge to an on-bail enhancement not otherwise part of a resentencing in a second case. That could raise different issues and suggest a different conclusion, points we do not address here.

There is no change in the judgment.

Respondent's petition for rehearing is denied.

_____

\*     BIGELOW, P. J.         FLIER, J.         GRIMES, J.

Filed 10/20/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B262023 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. NA097755) |
| STEVENSON BUYCKS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James Otto, Judge. Affirmed, as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

On November 4, 2014, voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act." It was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) To that end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at less than $950 to straight misdemeanors and created a process for persons currently serving felony sentences for those offenses to petition for resentencing for misdemeanors. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Aug. 2015) p. 6 (hereafter Couzens & Bigelow, Proposition 47).)

In this case, appellant committed a felony narcotics offense (Health & Saf. Code, § 11350) and, while out on bail on that first offense, committed two additional felony offenses: petty theft with a prior (Pen. Code, § 666, subd. (a)) and evading a police officer (Veh. Code, § 2800.2, subd. (a)). In sentencing appellant in that second case, the court imposed a two-year sentencing enhancement pursuant to Penal Code section 12022.1, subdivision (b), which applies when a defendant commits a second felony while out on bail on an earlier felony. After voters passed Proposition 47, the trial court in the first case granted appellant's petition to reduce his narcotics offense to a misdemeanor. Thereafter, the court in the second case reduced his petty theft with a prior count to a misdemeanor. The second evading police felony count remained, and, because appellant's original sentence was structured around the petty theft with a prior as the principal term, the court conducted a full resentencing to elevate the remaining felony count to a full base term. The court reimposed the section 12022.1 enhancement.

Enacted as part of Proposition 47, Penal Code section 1170.18, subdivision (k) provides that once a defendant is resentenced to a misdemeanor, that offense "shall be considered a misdemeanor for all purposes" with exceptions not applicable here. We must decide whether this provision precluded the trial court from reimposing the on-bail enhancement in Penal Code section 12022.1 in the second case after the felony in the first

2

case had been reduced to a misdemeanor. As we shall explain, because appellant was subject to a full resentencing in his second case, the court was required to evaluate the circumstances as they existed then, and by that time appellant's prior felony had been reduced to a misdemeanor. As a result, he was ineligible for the section 12022.1 enhancement and the court erred by reimposing it. We strike the on-bail enhancement and affirm the judgment as modified.

## PRODECURAL BACKGROUND

Appellant was the subject of two criminal cases in Los Angeles Superior Court. In case No. BA418285 (the first case), he pled guilty on November 19, 2013, to felony possession of narcotics (Health & Saf. Code, § 11350), and on December 26, 2013, he was sentenced to three years in state prison. On December 16, 2013, appellant was arrested in case No. NA097755 (the second case). In that case, he pled no contest on August 8, 2014, to petty theft with a prior (Pen. Code, § 666, subd. (a);[1] count 3) and evading a police officer (Veh. Code, § 2800.2, subd. (a); count 4). He admitted he committed those offenses while out on bail in the first case (§ 12022.1), and he had served two prior prison terms (§ 667.5, subd. (b)). With count 3 as the principal term, he was sentenced to seven years eight months, comprised of the upper term of three years for count 3; one-third of the middle term, or eight months, for count 4; two years for the on-bail enhancement; and two years for the prior prison terms.

After voters passed Proposition 47 on November 4, 2014, appellant petitioned for resentencing in each of his cases, requesting his narcotics conviction in his first case (Health & Saf. Code, § 11350) and his petty theft with a prior count in the second case (§ 666, subd. (a)) be reduced to misdemeanors. (See § 1170.18, subd. (b).) On January 8, 2015, the court granted appellant's petition in the first case, reduced his narcotics conviction to a misdemeanor, and resentenced him to 360 days in jail. On January 28, 2015, the court granted appellant's petition in the second case and reduced his felony theft conviction in count 3 to a misdemeanor. The court then restructured his

---

[1] All undesignated statutory citations are to the Penal Code unless otherwise noted.

sentence in the second case by elevating count 4 to a full base term of three years, plus two years for the on-bail enhancement, plus two years for the prior prison terms, plus six months for his new misdemeanor on count 3. The court imposed the on-bail enhancement over appellant's objection that it no longer applied because his felony conviction in the first case had been reduced to a misdemeanor. The court disagreed; it did not believe the voters intended Proposition 47 to affect the on-bail enhancement in section 12022.1. Appellant timely appealed his resentencing in the second case.

## DISCUSSION

Section 12022.1, subdivision (b) provides, "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." Both "primary offense" and "secondary offense" in section 12022.1 are statutorily limited to felonies. "Primary offense" means "a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked." (§ 12022.1, subd. (a)(1).) "Secondary offense" means "a felony offense alleged to have been committed while the person is released from custody for a primary offense." (§ 12022.1, subd. (a)(2).)

Appellant obtained resentencing in both his cases pursuant to section 1170.18, which was enacted by Proposition 47. "Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists

4

factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092 (*Rivera*).)

As noted above, section 1170.18, subdivision (k) provides that, when a felony is reduced to a misdemeanor, it "shall be considered a misdemeanor for all purposes" with certain inapplicable exceptions. To determine whether this provision applies to preclude the imposition of the on-bail enhancement here, we apply the familiar rules of both statutory and initiative interpretation, which are identical. (*Rivera, supra,* 233 Cal.App.4th at p. 1099.) "'""The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]"' [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. '"If there is no ambiguity in the language of the statute, 'then . . . the plain meaning of the language governs.'"' [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.'" [Citation.] [¶] In construing a statute, we must also consider "'the object to be achieved and the evil to be prevented by the legislation.'" [Citation.]' [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.'" (*Id.* at pp. 1099-1100.)

The precise issue in this case is whether the voters intended section 1170.18, subdivision (k) to preclude the trial court from reimposing the on-bail enhancement when it resentenced appellant in his second case after his felony in the first case was reduced to a misdemeanor. We think they did, because appellant was subject to a *full* resentencing in the second case. (See Couzens & Bigelow, Proposition 47, *supra*, at p. 57 ["Because the Proposition 47 count is part of a multiple-count sentencing scheme, changing the

5

sentence of one count fairly puts into play the sentence imposed on non-Proposition 47 counts, at least to the extent necessary to preserve the original concurrent/consecutive sentencing structure. *The purpose of section 1170.18 is to take the defendant back to the time of the original sentencing and resentence him with the Proposition 47 count now a misdemeanor.*" (Italics added.); *id.* at p. 59 ["If the petitioner is resentenced as a misdemeanor on an eligible count, but will remain sentenced as a felon on one or more other counts, the court should resentence on all counts."]; cf. § 1170.18, subd. (b) ["If the petitioner satisfies the criteria in subdivision (a), the petitioner's *felony sentence shall be recalled* and the petitioner resentenced to a misdemeanor." (Italics added.)]; *People v. Navarro* (2007) 40 Cal.4th 668, 681 [finding full resentencing on all counts was appropriate "so the trial court can exercise its sentencing discretion in light of the changed circumstances"].) Because the court was sentencing appellant anew, it was required to reevaluate the applicability of section 12022.1 *at that time.* By then, appellant's felony in the first case had been reduced to a misdemeanor. In that circumstance, the plain language of section 1170.18, subdivision (k) directed that appellant's prior felony must be treated as a "misdemeanor for all purposes." Since the plain meaning of section 12022.1 required that both the primary and secondary offenses be felonies in order for appellant to incur the additional penalty, the court could not reimpose the section 12022.1 enhancement.

This case is analogous to *People v. Park* (2013) 56 Cal.4th 782 (*Park*), in which our high court interpreted the nearly identical phrase in section 17, subdivision (b) to preclude imposition of a sentencing enhancement based on a prior "wobbler" conviction that had been reduced to a misdemeanor. In *Park*, defendant was found guilty of attempted voluntary manslaughter and admitted he had a prior serious felony conviction pursuant to section 667, subdivision (a), which had been previously reduced to a misdemeanor pursuant to section 17, subdivision (b)(3). (*Park*, at pp. 787-788.) Section 17, subdivision (b)(3) governs the procedure for reducing felony "wobbler" offenses to misdemeanors: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of

subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes* under the following circumstances:  [¶]  . . .  [¶]  (3)  When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."  In finding the trial court could not impose the enhancement, the court explained that "[i]t is evident from the statutory language that a wobbler becomes a 'misdemeanor for all purposes' under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor. When the court properly has exercised its discretion to reduce a wobbler to a misdemeanor under the procedures set forth in section 17(b), the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.'"  (*Park*, at p. 793.)  Nothing in the language or history of section 667, subdivision (a) signaled an intent to override that general rule.  (*Park*, at p. 799.)

As noted above, the voters are deemed to have been aware of *Park*'s interpretation of the phrase "it is a misdemeanor for all purposes" in section 17, subdivision (b), so their use of almost identical language in section 1170.18, subdivision (k) signaled their desire to have the statutes construed consistently.  (*Rivera, supra,* 233 Cal.App.4th at p. 1100.) Hence, as in *Park*, after appellant obtained a reduction of his offense in the first case to a misdemeanor, section 1170.18, subdivision (k) required the court to treat that offense as a "misdemeanor for all purposes" at his resentencing in the second case.  Without a felony as a primary offense, the court could not reimpose the on-bail enhancement.  (See also *People v. Flores* (1979) 92 Cal.App.3d 461, 471-472 [rejecting imposition of prior felony enhancement after felony had been legislatively reduced to misdemeanor and Legislature directed the offense "'shall not be considered . . . for any purposes'"].)[2]

---

[2]    It is important to note this case does not involve a *collateral* challenge to an on-bail enhancement not otherwise part of a resentencing in a second case.  That could raise different issues and suggest a different conclusion, points we do not address here.

Respondent suggests the voters did not intend Proposition 47 to affect the imposition of the on-bail enhancement because, "[u]nlike the theft and drug-possession offenses enumerated in [Proposition 47], section 12022.1 is intended to penalize a defendant for taking advantage of the bail system to commit more crimes when he or she was already charged with a crime." That may be the general purpose behind section 12022.1, but "[t]he more specific purpose of the on-bail enhancement is to 'discourage a certain type of recidivist behavior,' by deterring 'the commission of new *felonies* by persons released from custody on an earlier *felony*.'" (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 687, italics added; see *People v. McClanahan* (1992) 3 Cal.4th 860, 871 [The on-bail enhancement is "imposed for the violation or breach of the court's trust involved when the defendant commits a new *felony* offense while released from custody on bail or on his or her own recognizance on an earlier *felony*." (Italics added.)].) To that end, the Legislature exempted at least four categories of defendants from the on-bail enhancement based on the disposition of their underlying offenses: (1) As a sentencing *enhancement*, rather than a substantive offense, it exempts defendants who are not convicted of an underlying offense. (See *People v. Walker* (2002) 29 Cal.4th 577, 582 ["[S]ection 12022.1 does not define a criminal offense; instead, it identifies circumstances under which a defendant charged with a substantive offense is subject to a sentence enhancement."].) (2) Because it is limited to primary and secondary *felony* offenses, it exempts defendants convicted of misdemeanors. (3) It exempts defendants who are not ultimately convicted of the primary offense. (*Id.* at p. 586 ["Although section 12022.1, strictly speaking, does not appear to make the defendant's conviction of the primary offense an *element* of the enhancement in order to *prove* the enhancement, the statute makes crystal clear that *imposition of the enhancement* requires the conviction of the primary offense at some stage of the proceedings."].) (4) And it exempts defendants whose primary offense conviction is reversed on appeal and not retried. (See § 12022.1, subd. (g) ["If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody

8

for the secondary offense upon reconviction of the primary offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."].)**3** In light of these exclusions, "the Legislature evidently views those who qualify under section 12022.1—defendants convicted of *both the primary felony and the secondary felony*—as being particularly deserving of increased punishment for their on-bail recidivism." (*Walker, supra*, at pp. 583-584, italics added.)

Proposition 47, in turn, was designed to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) To achieve that end, the measure "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) These purposes would be undermined if a defendant whose primary offense under section 12022.1 is reduced to a misdemeanor—thereby avoiding a lengthier and costlier state prison term for the substantive offense voters sought to avoid—but must still serve two years for the on-bail enhancement under section 12022.1 as part of a resentencing for a later felony conviction. Thus, it is reasonable to conclude that the voters intended to treat a defendant whose primary offense is reduced to a misdemeanor under Proposition 47—which thereafter "shall be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k))—like the other categories of defendants excluded from

---

**3**     The parties agree section 12022.1, subdivision (g) prevents the imposition of the on-bail enhancement if the underlying offense is reversed on appeal and not retried. Respondent attempts to distinguish section 12022.1, subdivision (g) from Proposition 47 because Proposition 47 created statutorily reduced penalties "unrelated to appellant's guilt or innocence." Respondent's premise is flawed—appellate courts reverse convictions and district attorneys choose not to retry cases all the time for reasons unrelated to the defendant's guilt or innocence. Likewise, although a defendant under Proposition 47 is not blameless, he or she falls within the class of nonviolent criminals the voters sought to affect with Proposition 47.

the on-bail enhancement based on the disposition of their offenses, and thereby exclude them from eligibility for the on-bail enhancement at resentencing on the secondary offense.

## DISPOSITION

The two-year on-bail enhancement pursuant to section 12022.1 is stricken. The trial court is directed to forward the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

10