[Crim. No. 29127. Second Dist., Div. Five. Dec. 16, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ELVIN LAMON TRICE, Defendant and Appellant.

**COUNSEL**

Charles B. Johnson for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Frederick R. Millar, Jr., and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KAUS, P. J.**—Defendant appeals from a judgment (order granting probation) which followed a jury verdict finding him guilty of first degree robbery.

The only issue raised on the appeal is the propriety of the *Allen* charge given to the jury. The instruction given in this case included the erroneous admonition to minority jurors which in *People* v. *Gainer* (1977) 19 Cal.3d 835, 855 [139 Cal.Rptr. 861, 566 P.2d 997] was characterized as a " 'miscarriage of justice' within the meaning of article VI, section 13 of the California Constitution. . . ." The People argue that we are not bound by *Gainer* although the Supreme Court said: "[T]he rule we here announce shall apply to the instant matter *and to all cases not yet final as of the date of this decision.*" (*Id.,* p. 853, italics added.)

The People urge that the italicized part of this statement was not necessary to the *Gainer* decision, is dictum and need not be followed,

that *Gainer* merely announced a rule of judicial procedure, not a constitutional principle, that quasi-retroactivity of *Gainer* is wrong under accepted principles (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 10 [136 Cal.Rptr. 409, 559 P.2d 1028])—particularly because it will result in almost automatic reversal of about 20 pending appeals—and finally, that *Gainer* violated article VI, section 13 of the California Constitution.

The traditional way, of course, is to announce a new rule of law in one case and then to keep the bench and bar on edge, waiting for another decision in which the retroactivity of the rule is announced. Thus it took four years before we knew the full impact of *Mapp* v. *Ohio* (1961) 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684, 84 A.L.R.2d 933] (see *Linkletter* v. *Walker* (1965) 381 U.S. 618 [14 L.Ed.2d 601, 85 S.Ct. 1731]); nor did we learn until *People* v. *Charles* (1967) 66 Cal.2d 330, 333-337 [57 Cal.Rptr. 745, 425 P.2d 545], just how much retroactivity there was to *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265]. Sometimes, enlightenment comes faster: only one week separates *Johnson* v. *New Jersey* (1966) 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772] from *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and one does not even have to turn the page to get from *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] to *In re Lopez* (1965) 62 Cal.2d 368 [42 Cal.Rptr. 188, 398 P.2d 380]. While such "law on the installment plan" is in the best common law tradition, it is not necessarily the most efficient way to run a judicial system. In apparent recognition of that fact, our Supreme Court has from time to time announced the retroactive effect of a new rule in the very case in which the rule was declared. (E.g., *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *In re Yurko* (1974) 10 Cal.3d 857, 865 [112 Cal.Rptr. 513, 519 P.2d 516]; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 310 [110 Cal.Rptr. 329, 515 P.2d 273].) This is precisely what the court chose to do in *Gainer*. Obviously it knew that it said more than was necessary to decide that case. Realistically our problem is not whether the Supreme Court's statement that *Gainer* applies "to all cases not yet final" is dictum but whether we are bound by it—*de facto* if not *de jure*.

One rationale for characterizing a statement not necessary to a decision as dictum is the fact that the court did not have to confront the effect of such a statement. This is manifestly not the case here.[1] Whether

---

[1]The People's petition for rehearing in *Gainer* made many of the same arguments they advance before us. Specifically they drew the Supreme Court's attention to the 20-odd

the Supreme Court's obvious awareness of the consequences of its statement elevates the dictum to a holding or whether it is a dictum that we must follow, does not make much difference. We follow.

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.

---

pending appeals to which *Gainer* applies if the "dictum" should become law. The petition was denied.