Filed 10/6/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268282 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA428669) |
| v. | |
| MARIO REYES, | |
| Defendant and Appellant. | |
| In re MARIO REYES, | B276919 |
| on Habeas Corpus. | (Los Angeles County Super. Ct. No. BA428669) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Abzug, Judge. Affirmed. ORIGINAL PROCEEDINGS; petition for writ of habeas corpus. Granted.

Buckley & Buckley and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant, Appellant, and Petitioner.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

————————————————

This consolidated appeal and habeas corpus petition involve a single issue: may the two year enhancement set forth in Penal Code section 12022.1[1] be imposed on defendant/appellant/petitioner Mario Reyes for conviction of a felony in a "secondary offense" while on bail on a felony in a "primary offense," when the primary offense is settled by a no contest plea to a misdemeanor? Based on language in *People v. Walker* (2002) 29 Cal.4th 577 (*Walker*), we hold the two-year enhancement under section 12022.1 does not apply when the primary offense is reduced to a misdemeanor and resolved by a plea of no contest.

## PENAL CODE SECTION 12022.1

Section 12022.1 creates an enhancement for persons convicted of a felony while released on bail or on their own recognizance on a felony charge. "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).) The statute provides specific definitions of primary and secondary offenses:

"(a) For the purposes of this section only: [¶] (1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked. In cases where the court has granted a stay of execution of a county jail commitment or state prison commitment, 'primary offense' also means a felony offense for which a person is out of custody during the period of time between the pronouncement of judgment and the time the person actually surrenders into custody or is otherwise returned to custody.

---

[1] Statutory references are to the Penal Code, unless otherwise stated.

"(2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense." (§ 12022.1, subd. (a)(1)-(2).)

## PROCEDURAL HISTORY

### The Primary Offense[2]

Reyes was charged in case No. NA098956 with second degree commercial burglary committed on April 22, 2014, in violation of section 459. On November 18, 2014, the information was amended to deem the burglary a misdemeanor pursuant to section 17, subdivision (b). On that date, Reyes entered a plea of no contest to the misdemeanor charge to resolve the primary case.

### The Secondary Offenses

In the case on appeal, No. BA428669, Reyes was charged with three offenses committed on August 23, 2014: in count 1 with assault with a firearm (§ 245, subd. (a)(2)); in count 2 with assault with a semiautomatic firearm (§ 245, subd. (b)); and in count 3 with possession of a firearm by a felon (§ 29800, subd. (a)(1)). The information in the secondary case alleged that Reyes had been released from custody on bail or on his own recognizance in the primary case for purposes of the enhancement in section 12022.1. The information also alleged application of various recidivism provisions not pertinent to this appeal.

Trial of the secondary case was by jury. During the trial, on June 5 and 8, 2015, defendant stipulated that he was on bail in the primary offense at the time of the secondary offenses for purposes of the section 12022.1 allegations. Reyes did not,

---

[2] The records in the primary case are not contained in the appellate record, but are properly before this court on Reyes's habeas corpus petition.

3

however, stipulate that he had been convicted of a felony in the primary case. Reyes was convicted in the secondary case on counts 1 and 3. The jury found true the allegations that Reyes had been released on bail or on his own recognizance under section 12022.1 at the time of the offenses. The trial court sentenced Reyes to 41 years to life in state prison. The sentences on counts 1 and 3 included two-year enhancements under section 12022.1.

## DISCUSSION[3]

The appeal from the judgment in the secondary case and the petition for writ of habeas corpus both address the same issue. Defendant argues the two section 12022.1 enhancements must be stricken from the sentence in the secondary case because the primary case was resolved as a misdemeanor. Defendant relies on language in *Walker* indicating that if the primary case does not result in a felony conviction, section 12022.1 is not violated. We agree and accordingly grant the petition for writ of habeas corpus.

### *Standard of Review of Statutory Interpretation*

"We begin by examining the words of the respective statutes; if the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs. (*Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227 (*Allen*); *People v. Coronado* (1995) 12 Cal.4th 145, 151 (*Coronado*).) If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. (*Ibid.*) In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes'

---

[3] Because the facts at trial are not in dispute, and the only issue involves the section 12022.1 enhancements, we omit a statement of facts from the opinion.

4

general purposes.  (*Ibid.*)  We will avoid any interpretation that would lead to absurd consequences.  (*Ibid.*)"  (*Walker*, *supra*, 29 Cal.4th at p. 581.)

*Analysis*

Language in *Walker*, although characterized as dicta by the Attorney General, points the way to the correct result in this case.  Under section 12022.1, "the defendant must be convicted of the primary offense before punishment can be imposed.  Although section 12022.1, strictly speaking, does not appear to make the defendant's conviction of the primary offense an *element* of the enhancement in order to *prove* the enhancement, the statute makes crystal clear that *imposition of the enhancement* requires conviction of the primary offense at some stage of the proceedings.  (§ 12022.1, subds. (b), (c), (d); see *People v. McClanahan* [(1992)] 3 Cal.4th [860,] 869-871.)"  (*Walker*, *supra*, 29 Cal.4th at p. 586.)

*Walker* additionally explained the various ways in which a charge on a primary offense could fail to result in a felony conviction:  "[A] charge on a primary offense can fail in any number of ways to result in a felony conviction and defeat section 12022.1's application.  For example:  (1) the prosecutor might move to dismiss the felony charge for insufficient evidence or after suppression of the evidence (§§ 1385, 1538.5); (2) the court might dismiss the charge or set aside the indictment or information (§§ 871, 995, 1385) or enter a judgment of acquittal before submission of the case to the jury (§ 1118.1); *(3) the prosecutor might move to dismiss the charge in the interests of justice or reduce it to a misdemeanor as part of a plea bargain; (4) the court might reduce the charge to a misdemeanor (§ 17, subd. (b))*; (5) the jury might acquit the defendant; or (6) the conviction might be reversed or dismissed on a state or federal writ of habeas corpus."  (*Walker*, *supra*, 29 Cal.4th at p. 587, italics added.)

Here, the record in the primary case reflects that the felony charge was reduced to a misdemeanor under section 17, subdivision (b).  Reyes then entered a plea of no contest to the misdemeanor charge.  It is undisputed Reyes did not suffer a felony conviction in

5

the primary case. The third and fourth situations set forth above in *Walker*, *supra*, 29 Cal.4th at page 587, "defeat section 12022.1's application."

The Attorney General argues that section 12022.1 is intended to prevent recidivist conduct while an accused felon is released on bail or on his or her own recognizance, and this purpose would be undermined if a conviction of a misdemeanor in the primary case negated application of the enhancement. (See *People v. McClahahan* (1992) 3 Cal.4th 860, 868 ["the underlying purpose of section 12022.1 enhancements is to punish this particular form of recidivism with increased penalties"].) The Attorney General's point does not lead to the conclusion that conviction of a misdemeanor satisfies the primary offense requirement of section 12022.1.

The Attorney General forthrightly acknowledges what she considers to be dicta in *Walker* is inconsistent with her argument. We need not decide whether the quoted language is dicta, because it is prudent to follow the Supreme Court's clear and unambiguous language that the primary offense must result in a felony conviction. As explained by this Division's former Presiding Justice Otto M. Kaus in *People v. Trice* (1977) 75 Cal.App.3d 984 at pages 986-987: "[O]ur problem is not whether the Supreme Court's statement . . . is dictum but whether we are bound by it de facto if not de jure. [¶] . . . Whether the Supreme Court's obvious awareness of the consequences of its statement elevates the dictum to a holding or whether it is a dictum that we must follow, does not make much difference. We follow."

6

**DISPOSITION**

Because no error appears in the record on appeal, the judgment is affirmed. Error is demonstrated in the petition for habeas corpus, which we grant, and direct the trial court to strike the enhancements under Penal Code section 12022.1 as to counts 1 and 3. The court is directed to forward a copy of an amended abstract of judgment to the Department of Corrections and Rehabilitation.

KRIEGLER, J.

We concur:

TURNER, P.J.

BAKER, J.

7